UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAEDAE, INC. d/b/a GIMBAL, GIMBAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CUEBIQ, INC., <br><br> Defendant. | Case No. 3:23-cv-00335-L-DEB <br><br> **ORDER DENYING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT** <br><br> [ECF No. 29] |

Pending before the Court is Motion to Withdraw as Counsel of Record for Defendant Cuebiq, Inc. filed by Eric Levinrad of Ervin Cohen & Jessup LLP.  (ECF No. 29.)  Plaintiff filed an opposition.  (ECF No. 30.)  For the reasons which follow, the Motion is denied.

Levinrad seeks leave to withdraw because "Cuebiq's finance lender had foreclosed upon virtually all of Cuebiq's assets[.]"  (ECF No. 29, Levinrad Decl. ¶ 2.)  Levinrad "undersand[s] that Cuebiq has been left with no assets to pay counsel or otherwise defend itself in this proceeding."  (*Id.*)  Levinrad argues that this is a complex misappropriation of trade secrets case and "Cuebiq's inability to pay has rendered it unreasonably difficult for [him] to effectively carry out [his] representation of Cuebiq in this action."  (*Id.*)  Levinrad further represents, "My

understanding is that given the financial circumstances in which it finds itself, Cuebiq does not oppose my withdrawal as its counsel of record in this action, with the understanding that an entity party must be represented by counsel." (*Id.* ¶ 3.)

As reflected on the docket of this action, Cuebiq is also represented by Adam M. Weg of Wolf Rifkin Shapiro Schulman & Rabkin LLP. Because Levinrad's motion does not mention Weg and states that Cuebiq would become unrepresented if the motion is granted (*see* ECF no. 29, Mot. at 4), the status of this additional counsel is unclear. As a corporation (ECF no. 1, Compl. ¶ 3), Cuebiq can only appear through counsel and cannot proceed as an unrepresented litigant. Civ. Loc. R. 83.3.j.

A counsel of record may not withdraw from a case without leave of court. *Lovvorn v. Johnston,* 118 F.2d 704, 706 (9th Cir. 1941); *see also Guerrero v. ABM Eng'g Servs., Inc.,* 161 F.3d 12 (9th Cir. 1998) (citing *Wash. v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1087 (7th Cir. 1982)); *Gray v. SW Airlines Inc.,* 33 Fed. App'x 865, 867 (2002).

Attorneys practicing in this District are subject to the State Bar of California Rules of Professional Conduct. *See* Civ. Loc. R. 83.3.c.1(a) (active members in good standing of the State Bar of California). Under the Rules of Professional Conduct, an attorney may withdraw from representation if

> the client breaches a material term of an agreement with . . . the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]

Cal. R. Prof. Conduct 1.16(b)(5). Although Levinrad believes his client is unable to pay his fees, his declaration conspicuously does *not* state that Cuebiq has an unpaid balance.

Alternatively, Levinrad invokes Rule 1.16(b)(4), which permits withdrawal if the client's "conduct renders it unreasonably difficult for the lawyer to carry out the

1 representation effectively[.]" The only fact cited in support of withdrawal under this
2 provision is Cuebiq's foreclosure and loss of certain of its assets. This; however, is
3 not Cuebiq's "conduct."

4     Finally, Levinrad suggests that Cuebiq consented to his withdrawal. An
5 attorney may withdraw from representation if "the client knowingly and freely
6 assents" to it. Cal. R. Prof. Conduct 1.16(b)(6). Levinrad's "understanding" based
7 on Cuebiq's present circumstances "that Cuebiq does not oppose" his withdrawal
8 (Levinrad Decl. ¶ 3) falls short of showing Cuebiq's consent.

9     Based on the foregoing, Levinrad has not shown sufficient grounds for
10 withdrawal. Even if he had made a showing, he has not indicated that he has taken
11 the "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the
12 client," as required *before* termination of representation. *See* Cal. R. Prof. Conduct
13 1.16(d). Levinrad also has not indicated any intentions regarding the steps required
14 to be taken after withdrawal. *See id.* 1.16(e). Accordingly, the Motion is denied.

15 **IT IS SO ORDERED.**

17 Dated: May 2, 2024

19 Hon. M. James Lorenz
United States District Judge