UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAEDAE, INC. D/B/A GIMBAL, GIMBAL, INC.,<br>Plaintiffs/Counterclaim Defendants,<br>v.<br>CUEBIQ, INC.,<br>Defendant,<br>v.<br>CUEBIQ GROUP, LLC,<br>Defendant/Counterclaimant. | Case No.: 3:23-cv-00335-JAH-DEB<br>Consolidated Case No.: 3:25-cv-02255-JAH-DEB<br><br>**ORDER:**<br><br>**1) GRANTING JOINT MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)**<br><br>**2) DISMISSING ALL CLAIMS AGAINST CUEBIQ, INC. PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)**<br><br>**3) TERMINATING AS MOOT ALL PENDING MOTIONS IN BOTH CONSOLIDATED ACTIONS**<br><br>**4) CLOSING BOTH CONSOLIDATED ACTIONS**<br><br>**[Dkt. No. 60–62]** |

Before the Court are several requests by Plaintiffs and Counterclaim Defendants Paedae, Inc. d/b/a Gimbal, and Gimbal, Inc. (collectively, "Plaintiffs") and Defendant and

Counterclaimant Cuebiq Group, LLC ("CBQ" and, together with Plaintiffs, the "Parties") resolving all issues in the above-captioned actions[1] pursuant to the Confidential Settlement Agreement entered into by the Parties, effective October 29, 2026. Dkt. Nos. 60–62. For the reasons discussed below, the Court **GRANTS** the requests and **HEREBY CLOSES** the above-captioned actions.

## <u>DISCUSSION</u>

### I. Dismissal of Claims in *Cuebiq II*

First, the Court will address the Parties' Joint Stipulation of Dismissal With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which the Court construes as a joint motion pursuant to CivLR 7.2. Dkt. No. 60 ("Joint Stipulation"). By its terms, the Joint Stipulation seeks dismissal with prejudice of "all claims, counterclaims, and causes of action" asserted in *Cuebiq II*. *Id.* at 2. Defendant Cuebiq, Inc. ("Cuebiq") neither joins nor opposes the Joint Stipulation.

Under Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily "dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Because a Rule 41(a)(1) dismissal "is effective on filing and no court order is required, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)) (cleaned up). However, under the Court's Local Rules, "[e]xcept as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge," and "[a]ny stipulation for which court approval is sought must first be filed as a 'joint motion.'" CivLR 7.2(a)–(b).

Here, Plaintiffs and Defendant CBQ are the only parties that have appeared in

[1] On September 30, 2026, *PaeDae, Inc. v. Cuebiq, Inc.*, No. 3:23-cv-00335-JAH-DEB ("*Cuebiq I*") and *Cuebiq Grp., LLC v. PaeDae, Inc.*, No. 3:25-cv-02255-JAH-DEB ("*Cuebiq II*") were consolidated. *Cuebiq I*, Dkt. No. 45.

*Cuebiq II*. Defendant Cuebiq appeared in *Cuebiq I* but not *Cuebiq II*. *See, e.g.*, *Cuebiq I*, Dkt. No. 21; *Cuebiq II*, Dkt. Nos. 111–112. Because the Joint Stipulation only requests dismissal of claims in *Cuebiq II* and is signed by all parties that have appeared in that action, the Court finds the requirements of Rule 41(a)(1)(A)(ii) are satisfied. In addition, because a Rule 41(a)(1)(A)(ii) dismissal is self-executing and requires no order, the dismissal took effect upon the filing of the Joint Stipulation. *See Com. Space Mgmt.*, 193 F.3d at 1077. Accordingly, pursuant to the Joint Stipulation, the Court **APPROVES** the Joint Stipulation and **ORDERS** all claims, counterclaims, and causes of action asserted in *Cuebiq II* **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(1)(A)(ii).

## II. Dismissal of Claims in *Cuebiq I*

Next, the Court will address Plaintiffs' Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. No. 62 ("Notice"). Although Plaintiffs' Notice requests dismissal with prejudice of all claims against Cuebiq in both *Cuebiq I* and *Cuebiq II*, the Court will consider the Notice only as to Plaintiffs' claims against Cuebiq in *Cuebiq I* given that the Court has already dismissed all claims against all parties in *Cuebiq II*. *See supra* section I. Plaintiffs' claims against Cuebiq are the only remaining claims in *Cuebiq I* as Plaintiffs did not assert any claims against CBQ in *Cuebiq I* and consolidation of the actions had "no effect on the status of any party's claims or defenses" as "each action retain[ed] its separate identity" upon consolidation. Dkt. No. 45 at 21; *Hall v. Hall*, 584 U.S. 59, 77 (2018).

Under Rule 41(a)(1)(A)(i), a plaintiff may voluntarily "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). As discussed, a Rule 41(a)(1) dismissal "is effective on filing and no court order is required." *Com. Space Mgmt.*, 193 F.3d at 1077. Accordingly, "filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Id.*

Here, Plaintiffs may properly dismiss all claims against Cuebiq in *Cuebiq I* pursuant

to Rule 41(a)(1)(A)(i) given that Cuebiq has not served an answer or a motion for summary judgment in *Cuebiq I*. Accordingly, Plaintiffs' claims against Cuebiq in *Cuebiq I* are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(1)(A)(i).

## III. Request to Terminate Pending Motions as Moot

Finally, the Court shall consider the Parties' Joint Request to Terminate as Moot Any Pending Motions or Requests for Relief, which the Court construes as a joint motion, under CivLR 7.2, to terminate as moot "all pending motions, discovery disputes, and applications for relief brought or asserted in the above-captioned action or the related action." Dkt. No. 61 ("Joint Motion to Terminate") at 2–3. Specifically, the Parties seek to terminate the following pending matters:

1. CBQ's Motion to Dismiss Gimbal's Amended Counterclaims (Case No. 3:25-cv-02255-JAH-DEB, Dkt. Nos. 106, 107), to the extent not already resolved by the Court's September 30, 2026 Order (Case No. 3:23-cv-00335-JAH-DEB, Dkt. No. 45);
2. CBQ's Request for Attorney's Fees Submitted Pursuant to the Court's May 15, 2026 Order at Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 137 (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 143);
3. CBQ's Motion to Compel to the extent not disposed of by the Court's October 2, 2026 Order at Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 190 (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 175);
4. Gimbal's Objection to the Court's Order Denying Its Motion to Extend Fact Discovery (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 172);
5. Gimbal's Motion to Compel to the extent not disposed of by the Court's October 2, 2026 Order at Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 189 (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 173);
6. Gimbal's Motion for Leave to File a Motion for Default Judgment Against Cuebiq, Inc. (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 184);
7. Gimbal's Motion for Default Judgment Against Cuebiq, Inc. (Case No. 3:23-cv-

00335-JAH-DEB, Dkt. No. 44); and

8. "Any other pending motions, discovery disputes, and/or applications for relief sought by any of the Parties in the Consolidated Actions that have been mooted by the Joint Stipulation of Dismissal and Gimbal's Notice of Dismissal with prejudice, including requests for default judgment, attorneys' fees, costs, and sanctions." *Id.*

In addition to the aforementioned matters, the Court deems the request to include:

9. CBQ's Motion to File Documents Under Seal (Case No. 3:23-cv-00335-JAH-DEB, Dkt. No. 48);
10. CBQ's Motion for Leave to File Documents Under Seal (Case No. 3:23-cv-00335-JAH-DEB, Dkt. No. 47);
11. CBQ's Limited Opposition to Gimbal's Motion to Modify Protective Order (Case No. 3:23-cv-00335-JAH-DEB, Dkt. No. 46);
12. Gimbal's Objection to New Argument and Evidence in CBQ's Reply in Support of Fees and Costs Submission and Motion for Leave to File a Sur-Reply (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 155); and
13. Gimbal's Motion to File Documents Under Seal (Case No. 3:25-cv-02255-JAH-DEB, Dkt. No. 182).

In light of the Parties' Notice of Settlement, Dkt. No. 58, the record in each of the consolidated actions, and based on this Order dismissing all claims between all parties in the consolidated actions such that no issues or disputes remain, the Court finds it appropriate to **GRANT** the Joint Motion to Terminate all pending motions, discovery disputes, and applications for relief brought or asserted in each of the above-captioned consolidated actions.

For the same reasons, **IT IS HEREBY ORDERED** that the above-captioned consolidated actions are **CLOSED**.

//

//

## CONCLUSION

In light of the foregoing, and based on the record before the Court, **IT IS HEREBY ORDERED:**

1. All claims, counterclaims, and causes of action asserted in *Cuebiq Grp., LLC v. PaeDae, Inc.*, No. 3:25-cv-02255-JAH-DEB are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(1)(A)(ii).
2. Plaintiffs' claims against Cuebiq, Inc. in *PaeDae, Inc. v. Cuebiq, Inc.*, No. 3:23-cv-00335-JAH-DEB are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(1)(A)(i).
3. All pending motions, discovery disputes, and applications for relief brought or asserted in either of the consolidated actions are **TERMINATED**.
4. The above-captioned consolidated actions are **HEREBY CLOSED**.

IT IS SO ORDERED.

DATED: November 19, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE